UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROMEO C. ALLEN,

        Plaintiff,

v.

FEDERAL GOVERNMENT,

        Defendant.

CASE NO. 3:23-CV-5425-DGE

REPORT AND RECOMMENDATION

Noting Date: June 2, 2023

    The District Court has referred Plaintiff Romeo C. Allen's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to Chief United States Magistrate Judge David W. Christel pursuant to Amended General Order 02-19. On May 10, 2023, Plaintiff filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkt. 1.

    **Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Plaintiff's Application to Proceed IFP.** Plaintiff states he is unemployed and has received no money in the last twelve months from other sources. *See* Dkt. 1. Plaintiff has no cash on hand and no money in his bank accounts. *Id*. at p. 2. He states he has no assets. *Id*. Plaintiff states he is on food stamps with his ex-wife and is in the process of moving back with his parents. *Id*.

**Review of the Complaint.** The Court has carefully reviewed the proposed complaint in this matter. Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

In the proposed complaint, Plaintiff names the Federal Government as the sole Defendant. Dkt. 1-2. Plaintiff appears to allege the Federal Government has violated his constitutional rights by discriminating on forms that request sex and race information. *Id*. Plaintiff states he has suffered from post-traumatic stress disorder. *Id*. at 4. Plaintiff requests all forms requesting sex and race information be banned. *Id*. at 6. He also asks for monetary damages. *Id*.

***Sua Sponte* Dismissal.** The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it

ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**Analysis of Plaintiff's Claim**. Plaintiff names the Federal Government as the sole defendant in this case. Dkt. 1-2. Plaintiff appears to be attempting to file a § 1983 or *Bivens* action. The Court finds the Government cannot be sued under §1983. *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) ("We find no evidence in either [42 U.S.C. §§ 1983 or 1985] that Congress intended to subject federal agencies to § 1983 and § 1985 liability. To the contrary, §§ 1983 and 1985 impose liability upon a 'person,' and a federal agency is not a 'person' within the meaning of these provisions."). Furthermore, Plaintiff cannot maintain a *Bivens* action against the Government. *Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016) ("*Bivens* suits are individual capacity suits and thus cannot enjoin official government action."); *Teplitsky v. Dep't of Justice*, 127 F.3d 1106 (9th Cir. 1997) ("A Bivens action cannot be maintained against a federal agency.").

Moreover, "[t]he United States, including its agencies and employees, can be sued only to the extent that it has expressly waived its sovereign immunity." *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1117 (9th Cir. 2003) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)). "The

party who sues the United States bears the burden of pointing to ... an unequivocal waiver of immunity." *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). Plaintiff has not shown any waiver of immunity by the United States that would allow him to sue the Federal Government for these claims.

For these reasons, this case has no arguable basis in law or fact. Therefore, the proposed complaint should be dismissed as frivolous and for failure to state a claim.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). In this case, any attempt by Plaintiff to amend the proposed complaint would be futile. As such, the Court finds Plaintiff should not be afforded leave to amend his proposed complaint.

**Decision on Application to Proceed IFP.** A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998); *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). The proposed complaint is frivolous and entirely without merit. Based upon the above analysis of the deficiencies in the proposed complaint, the Court recommends Plaintiff's Application to Proceed IFP (Dkt. 1) be denied.

**IFP on Appeal.** In the event that Plaintiff appeals any order entered in this case and/or appeals dismissal of this case, IFP status should be denied by this Court, without prejudice to Plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed IFP.

**Conclusion.** For the above stated reasons, the undersigned recommends Plaintiff's Application to Proceed IFP (Dkt. 1) be denied, this case be dismissed as frivolous and for failure

to state a claim, and any IFP status on appeal be denied without prejudice to Plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed IFP.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on June 2, 2023, as noted in the caption.

Dated this 18th day of May, 2023.

David W. Christel
Chief United States Magistrate Judge